UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JERRY LEWIS BEY, | ) | |
|---|---|---|
| Movant, | ) | |
| vs. | ) | Case No. 4:04 CV 1285 CDP |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

This closed § 2255 case is before me on a motion filed by Jerry Lewis Bey that was also filed in closed criminal case 4:91CR1 CDP, and which I apparently directed the Clerk to file in this case instead. I am entering similar orders in both cases today. I will deny these motions, for the same reasons that I have previously denied Lewis Bey's numerous motions: his conviction has been final for many years, the motions are really attempts to file yet more successive motions to vacate sentence under 28 U.S.C. § 2255, for which Lewis Bey has not sought permission from the Court of Appeals, and they are meritless in any event.

## A Brief History of Lewis Bey's Litigation

In June of 1993, following a nine-month trial of defendant and six co-defendants, Jerry Lewis Bey was convicted of violating the Racketeer Influenced and Corrupt Organizations Act and of multiple counts of using violent crime in aid

of racketeering, which included numerous murders and conspiracy to commit murder. He was sentenced to life imprisonment by the trial judge, the Honorable George F. Gunn.[1] His conviction and sentence were affirmed on appeal. *United States v. Darden*, 70 F.3d 1507 (8th Cir. 1995). As the Eighth Circuit noted, the evidence showed that Lewis Bey was the leader of "a long-term, violent drug-trafficking enterprise," which engaged in murders and other violent acts and which hid behind "a facade known as Subordinate Temple No. 1 of the Moorish Science Temple of America." 70 F.3d at 1516. The Court of Appeals held that the government had produced "overwhelming evidence" of Lewis Bey's guilt, 70 F.3d at 1530.

Since his conviction, Lewis Bey has filed many motions and many separate lawsuits.[2] A *partial* list of those motions follows:

1997:

- Motion for Rule 33 relief filed in criminal case, construed as a motion under 28 U.S.C. § 2255 and denied [docket entry # 75]; Certificate of Appealability denied by Court of Appeals, Case No. 01-1342 (8th Cir. Nov. 12, 2001)

---

[1] At the time of this prosecution, I served as a United States Magistrate Judge and handled the pretrial proceedings in this case. After Judge Gunn's death, the case was randomly reassigned to me as I am now a District Judge.

[2] Even during the pendency of the criminal case Lewis-Bey filed several civil suits, which were all dismissed by the Court. *Lewis v. United States,* Case No. 4:91CV606 GFG, dismissal affirmed, Case No. 94-1691 (8th Cir. October 27, 1994); *Lewis v. Toelke,* 4:91CV1682 GFG; *Lewis-Bey v. Toelke,* 4:91CV628 DJS.

2000:

- Civil suit against DEA seeking return of property; District Court Case No. 4:00CV898 DJS; dismissed April 5, 2001; not appealed.

2002:

- Petition for authorization to file successive § 2255 motion denied, Court of Appeals Case No. 02-1205 (8th Cir. March 12, 2002)

2003:

- Successive § 2255 motion filed July 8, 2003, dismissed on August 27, 2003, District Court Case No. 4:03CV911 CDP; not appealed.

- "Rule 60(b)" motion filed in criminal case characterized as successive § 2255 motion, opened as District Court Case No. 4:03CV1865 CDP, dismissed April 26, 2004; Dismissal summarily affirmed, Court of Appeals Case No. 04-2197 (8th Cir. June 4, 2004)

- Civil suit against FBI, District Court Case No. 4:03CV1101 CDP; motion to proceed in forma pauperis denied and ordered to pay filing fee; dismissed for failure to pay fee October 22, 2003; not appealed.

2004:

- Petitions to file successive § 2255 motion denied, Court of Appeals Case Nos. 04-1119, 04-1297 (8th Cir. June 3, 2004)

- Successive § 2255 motion filed September 30, 2004, District Court Case No. 4:04CV1285 CDP, dismissed November 18, 2004; Certificate of Appealability denied, Court of Appeals Case No. 04-4160 (8th Cir. April 19, 2005)

2005:

- Petition to file successive § 2255 motion denied, Court of Appeals Case No. 05-2447 (8th Cir. April 9, 2007)

## **The New Motions**

The pending motions allege that Lewis Bey was convicted and sentenced based on prosecutorial misconduct, including the knowing use of false testimony, violations of *Brady v. Maryland*, 373 U.S. 83 (1963), and violations of discovery orders. He argues that under *McQuiggin v. Perkins,* 133 S.Ct. 1924 (2013) the Court should consider again his argument that the government allegedly committed *Brady* violations. Among other things, he argues that the Assistant United States Attorney committed "fraud on the court" by making statements in the government's 1997 brief opposing the initial Rule 33 motion (which, as set out above, the Court construed as a § 2255 motion and denied).

Although there is no reason to believe the government made misstatements in the brief it filed some five years after the conviction, even if it did make misstatements, that does not make Lewis Bey innocent. To the contrary, the evidence of his guilt was overwhelming, and nothing the government lawyer might have said in a brief years later can change that fact.

The evidence that Lewis Bey now says supports his claim of *Brady* violations and actual innocence is information that he allegedly obtained from Freedom of Information Act requests to the FBI, and he says that evidence shows that some of the government informant witnesses were involved in a murder. But he admits that that particular murder was not one with which he was charged. He

argues that this evidence somehow constitutes "irrefutable evidence" that the case against him was "fabricated."

None of this evidence and none of these arguments cast any doubt whatsoever on Lewis Bey's guilt, nor is there any reason to believe that the government committed any discovery violations during the lengthy pretrial preparation of this case or the nine-month trial. There is no legal basis for any further action with regard to Lewis Bey's conviction and sentence.

Additionally, these motions should be properly characterized as successive motions under 28 U.S.C. § 2255, and Lewis Bey has not obtained permission from the Court of Appeals to file them.

Accordingly,

**IT IS HEREBY ORDERED** that all pending motions filed by Jerry Lewis Bey are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of July, 2016.